IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

JAMES ROBERT WEST, JR.,     *
#110315
    Plaintiff,     *

v.     *     2:07-CV-747-WKW
    (WO)

BRYAN K. GAVINS, COI,     *

    Defendant.     *
_____

**ORDER ON MOTION**

Pending before the court is Plaintiff's motion to add defendants. Plaintiff's motion is due to be denied at this time as he has failed to submit a proposed amended complaint against those individuals he seeks to name as additional defendants.

Plaintiff has indicated in his motion to add defendants that he does not have a complete copy of the original complaint.[1] The Clerk shall be directed to provide Plaintiff with a copy of the original complaint filed in this action.

Plaintiff is advised that amendments to the complaint and/or motions to amend **must** relate to the facts made the basis of the original complaint. An amendment or motion to amend which contain claims unrelated to the claims presented in the original complaint will not be considered by the court. Claims which a complainant seeks to present to the court and

---

[1]The court notes that Plaintiff's original complaint names Bryan Gavins as the defendant and contains a claim based on actions which occurred on July 24, 2007 regarding access to the courts.

which are unrelated to claims presented in said complainant's original complaint, must be filed in a separate civil action and accompanied by the $350.00 filing fee or an application to proceed *in forma pauperis*.

In light of the foregoing, it is ORDERED that:

1. Plaintiff's motion to add defendants (*Doc. No. 19*) be and is hereby DENIED;

2. Plaintiff is GRANTED an extension from May 5, 2008 to and including May 15, 2008 to file an amended complaint as directed by order entered April 4, 2008 and the amended complaint must be filed on a form for use in filing a 42 U.S.C. § 1983 complaint. *See* Local Rule 9.1 (requiring *pro se* litigants to utilize court's forms). It is necessary for Plaintiff to file a separate complaint for claims unrelated to the incident(s) or issue(s) made the basis of the original complaint. Thus, for each different claim, Plaintiff must file a separate complaint and pay the $350.00 filing fee or, in lieu thereof, file a motion to proceed without prepayment of fees and costs.

Accordingly, it is further ORDERED that:

1. Plaintiff's amended complaint shall contain one claim and any claims that can be shown closely related to it, *i.e.*, arising out of the same incident or facts. Claims concerning Defendants located at different institutions and/or claims arising at different institutions should be brought in other actions filed in the district where the prison is located;

2. In that portion of the complaint form where Plaintiff must identify each individual that he seeks to name as a defendant, Plaintiff must provide facts to show that particular individual's participation or involvement in his claim. That is, Plaintiff must state specifically what that individual defendant did or failed to do and what he or she knew. If

there are more defendants than there are spaces on the form, Plaintiff may attach additional pages to the form, but he must follow the format contained in the form for each additional defendant and identify his claim(s) against each defendant;

    3. Plaintiff's amended complaint should comply with F.R.Civ.P. 8(a) which requires that a plaintiff plead "'a *short and plain* statement of the claim that will give the defendant fair notice of what the plaintiff's claim' is and the grounds upon which it rests." *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993) (emphasis added) (quoting *Conley v. Gibson*, 355 U.S. 41, 47(1957); *see Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984) (finding vague and conclusory claims are subject to dismissal).

The Clerk is DIRECTED to send to Plaintiff a copy of Document Number 1, including any and all attachments, and a form for use in filing a complaint under § 1983. Plaintiff is advised that his failure to file an amended complaint within the prescribed time and in accordance with the directives contained in this order will result in a Recommendation that this case be dismissed for failure to prosecute and to obey the court's order.

Done, this 29th day of April 2008.

      /s/ Wallace Capel, Jr.  
    WALLACE CAPEL, JR.  
    UNITED STATES MAGISTRATE JUDGE