IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| JAMES ROBERT WEST, JR., #110315 | * | |
| Plaintiff, | * | |
| v. | * | 2:07-CV-747-WKW (WO) |
| BRYAN K. GAVINS, COI, *et al.*, | * | |
| Defendants. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Plaintiff, a state inmate, in which he complains about being denied access to the courts and being retaliated against for filing grievances and lawsuits. On January 21, 2010 Plaintiff filed a motion for preliminary injunction (*Doc. No. 51*) to prevent Defendants from transferring him to another prison facility until a ruling on his complaint is issued.[1] Plaintiff further requests that he transferred back to the Staton Correctional Facility ["Staton"] where he was incarcerated prior to his recent transfer to the Elmore Correctional Facility ["Elmore"]. (*Id*.) According to Plaintiff's brief in support of his request for preliminary injunctive relief, following his transfer to Elmore on January 12, 2010, he was assaulted by inmate Richard Edwards. (*Id.; see also Doc. No. 54*.) Plaintiff maintains that Defendants had prior knowledge that he and

---

[1] Plaintiff maintains that his transfers among various state correctional facilities are retaliatory and punitive in nature.

inmate Edwards were enemies and, therefore, should not have been housed in general population together. (*Doc. No. 51*.)

As directed, Defendants filed a response to Plaintiff's request for issuance of a preliminary injunction. (*Doc. No. 54*.) Leeposey Daniels, Warden of the Elmore Correctional Facility, states that he and his staff had no knowledge that Plaintiff and inmate Richard Edwards were enemies prior to Plaintiff's transfer to Elmore, and that Plaintiff did not have any enemies listed at the facility on the day of his transfer which occurred on January 12, 2010. (*Id at Exh. 3*.) Inmate Edwards was validated as an enemy of Plaintiff's following his assault on Plaintiff. (*Id*.) Defendant Gwnedolyn Mosley, currently employed as the Institutional Coordinator of the Alabama Department of Corrections, and Defendant James DeLoach, currently employed as an Associate Commissioner of the Alabama Department of Corrections, assert that they did not participate in the decision to transfer Plaintiff to Elmore in January 2010. (*Id., at Exhs. 1, 2*.) Decisions concerning inmate institutional assignments are made by Classification Specialists with the facility's Classification Division. (*Id*.) Neither Defendants Mosley or DeLoach are part of the Classification Division. (*Id*.)

## I.  STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court...." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Plaintiff demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat

irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest.  *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir. 1998);  *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983); *see also Parker v. State Board of Pardons and Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001).

"In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"' as to the four requisites."  *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion).  The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements.  *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").  "'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.'  *Northeastern Fl. Chapter of Ass'n of Gen.*

*Contractors of Am. v. City of Jacksonville, Fl.*, 896 F.2d 1283, 1284 (11th Cir.1990)." *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001).

## II. DISCUSSION

Turning to the first prerequisite for issuance of preliminary injunctive relief, the court considers whether Plaintiff has proven a substantial likelihood of success on the merits. Having thoroughly reviewed the request for a preliminary injunction and in light of applicable federal law, the court concludes that Plaintiff fails to carry his burden. Specifically, prisoners do not have a constitutional right to remain in or be transferred to a correctional institution of their own choosing. *See Meachum v. Fano,* 427 U.S. 215, 225 (1976); *Clark v. Browers,* 2005 WL 1926088, at *3 (E.D.Mo. Aug. 10, 2005) (inmate's motion for temporary restraining order or preliminary injunction that did not seek to enjoin any illegal act of defendants, but instead requested transfer to another correctional facility, denied because "plaintiff does not have a right to be held in the institution of his choosing"); *see also Beltran v. Smith,* 458 U.S. 1303, 1305 (1982) (in case where federal inmate objected to prison transfer because he felt safer and more secure at current institution, court denied inmate's application for emergency stay while appeal from denial of motion for preliminary injunctive relief was pending in court of appeals because "[t]he Attorney General has authority to transfer [the inmate] from one facility to another in his discretion." ).

Plaintiff likewise fails to demonstrate that he will suffer the requisite irreparable injury absent issuance of a preliminary injunction. Any problems regarding Plaintiff's housing at an institution within this state can be accomplished through the filing of a complaint in the

federal court in which the institution which houses Plaintiff is located. *See Sampson,* 415 U.S. at 90 (internal quotation omitted) (this "possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, [also] weighs heavily against a claim of irreparable harm.").

The third factor, balancing potential harm to the parties, weighs more heavily in favor of Defendants. Finally, with regard to the fourth factor, Plaintiff fails to show that issuance of an injunction would serve the public interest, and the pleadings before the court are devoid of any evidence which shows that issuance of an injunction would serve the public interest.

In light of the fact that Plaintiff has no right to be housed in a particular institution, the absence of irreparable harm, and the deference accorded prison administrators in prison assignments, Plaintiff is not entitled to a preliminary injunction preventing his transfer to other institutions.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction filed by Plaintiff (*Doc. No. 50*) be DENIED.

2. This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that on or before **March 5, 2010** the parties may file objections to the Recommendation.  Any objection must specifically identify the findings in the Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are further advised that this Recommendation

is not a final order of the court and, therefore, it is not appealable. Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues addressed in the Recommendation and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done, this 19th day of February 2009.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE