IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES ROBERT WEST, JR., #110315, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )   CASE NO. 2:07-CV-747-WKW |
| BRYAN K. GAVINS, COI, *et al.*, | ) ) ) |
| Defendants. | ) ) |

**ORDER**

Plaintiff James Robert West, Jr. brings this 42 U.S.C. § 1983 action against Bryan Gavins, a correctional officer at Easterling Correctional Facility ("ECF), James DeLoach, the Assistant Warden of Draper Correctional Facility ("DCF"), and Gwendolyn Mosley, Warden of ECF.  He alleges that Defendants violated his First Amendment rights by denying him access to the courts and retaliating against him for filing grievances and lawsuits and for assisting other inmates with their legal matters.  This cause is before the court on the Magistrate Judge's Recommendation (Doc. # 68) and Mr. West's objections to the Recommendation (Doc. # 83).  Pursuant to 28 U.S.C. § 636(b)(1), the court conducts a *de novo* review of the portions of the Recommendation to which the objections were made and finds that the objections are due to be overruled.

1.   **Declaratory Relief**

Mr. West first objects to the Magistrate Judge's recommendation that the claim for

declaratory judgment be dismissed as moot.  In his complaint, Mr. West requests "[d]eclaratory relief wherein the Court declares that [Defendants Mosley and DeLoach] violated [his] federally protected rights under the First Amendment" when they transferred and disciplined him.  Mr. West contends that because Defendants "visited the institution one week prior to the Plaintiff being placed in lockup for no reason and all of his legal papers confiscated," there is a genuine issue of material fact that Defendants were involved in these incidents.  (Doc. # 83, at 2.)  However, even if Mr. West's declaratory judgment claim is not moot, it fails on the merits.  As the Magistrate Judge found – and as discussed further below – there is no genuine issue of material fact that Defendants violated Mr. West's First Amendment rights.

**2.      Denial of Access to Courts**

Mr. West objects to the Magistrate Judge's legal finding that Mr. West must present evidence of actual injury to maintain his First Amendment claim for denial of access to the courts.  Mr. West cites *Chandler v. Baird* for the proposition that prejudice need not be shown in systemic challenges.  926 F.2d 1057, 1063 (11th Cir. 1991).  This argument falters in two respects.  First, Mr. West does not allege "systemic" failure "embracing the basic adequacy of materials and legal assistance made available to all or subgroups of the prison population." *Id.*  And second, even if he did properly allege systemic failure, Mr. West must, for standing purposes, allege actual injury to himself.  *See Lewis v. Casey*, 518 U.S. 343, 349 (1996).  To that end, Mr. West maintains that his legal mail was withheld for seven

months, that he had to file two suits in state court because he was not aware that he could re-file and amend the present complaint, and that he was denied "basic materials" to present his claims. (Doc. # 83, at 3-4.) However, evidence of these allegations does not suffice to show actual injury. As the Magistrate Judge noted, Mr. West has not presented evidence that Defendants' alleged actions deprived him of his *capability* or *opportunity* to file claims – and he has, in fact, been quite proficient at filing claims.

3. **Due Process**

Mr. West's contention that he had a protected liberty interest "not to be kept in administrative segregation" for six and sixteen months is without merit. He argues that prison administrative regulations created the liberty interest at issue (Doc. # 83 at 5-6.) While it is true that state regulations "may under certain circumstances create liberty interests which are protected by the Due Process Clause[,] . . . these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995) (internal citation omitted). Mr. West has not demonstrated that his assignment to administrative segregation during his incarceration presented "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Id.* at 484.[1] To the extent Mr. West contends that the regulations

---

[1] *Ex parte Berry* is inapposite. There, the Alabama Supreme Court analyzed whether a regulation created a liberty interest in participating in a *work-release program*, which allowed an inmate to "leave

3

created a protected liberty interest in not being transferred between prisons (Doc. # 83, at 9), that contention fails for the same reasons.

**4.    Eighth Amendment**

Mr. West further objects to the Magistrate Judge's recommendation that the court not consider Mr. West's allegations related to the water supply and excessive force.  The Magistrate Judge's finding is correct, however.  These allegations were not included in the original or amended complaints, and to the extent Mr. West attempts to introduce new claims in a response brief or in his objections, he may not do so.  *See* Fed. R. Civ. P. 15(a); *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1314-15 (11th Cir. 2004).

For the foregoing reasons, it is ORDERED that Mr. West's objections (Doc. # 83) are OVERRULED, the Recommendation of the Magistrate Judge (Doc. # 68) is ADOPTED, and Defendants' Motion for Summary Judgment (Doc. # 33) is GRANTED.  A separate judgment will be filed.

DONE this 6th day of August, 2010.

/s/ W.  Keith Watkins
UNITED STATES DISTRICT JUDGE

---

the prison facility and work at paid employment."  *Ex parte Berry*, 794 So. 2d 307, at 308 (Ala. 2000).  No such interest was at issue here.

4